# MECCANO, LIMITED, *v.* JOHN WANAMAKER, NEW YORK.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 187. Argued January 26, 27, 1920.—Decided May 17, 1920.

A decree of the Circuit Court of Appeals in a suit for infringement of patent and copyright and for unfair competition, is reviewable by this court on certiorari, as if on appeal. P. 140. Jud. Code, §§ 128, 240.

An order of the Circuit Court of Appeals reversing an order of the District Court awarding a preliminary injunction will not be reversed by this court unless clearly erroneous.  P. 141.

Upon appeal from an order granting a preliminary injunction, it is proper for the Circuit Court of Appeals to consider a change of circumstances resulting from the reversal of a decree in another circuit upon which the District Court relied.  *Id.*

Upon an appeal under Jud. Code, § 129, from an order granting a preliminary injunction against the defendant, it would be erroneous for the Circuit Court of Appeals to grant a final decree for the plaintiff upon proof by affidavit of a recent decree in another circuit claimed to work an estoppel in plaintiff's favor; for defendant must have opportunity to set up and establish its defenses.  *Id.*

A conflict of views claimed to exist between the Circuit Court of Appeals in this case and a Circuit Court of Appeals of another circuit in a suit over the same subject and, as claimed, between the same parties in interest, *held* not to justify this court in deciding the merits on interlocutory appeal.  P. 142.

250 Fed. Rep. 450, affirmed.


THE case is stated in the opinion.


*Mr. Reeve Lewis*, with whom *Mr. C. A. L. Massie, Mr. W. B. Kerkam* and *Mr. Ralph L. Scott* were on the brief, for petitioner.


*Mr. H. A. Toulmin*, with whom *Mr. H. A. Toulmin, Jr.*, was on the brief, for respondent.


MR. JUSTICE MCREYNOLDS delivered the opinion of the court.


Proceeding against Wagner and others in the United States District Court, Southern District of Ohio, Meccano, Limited, obtained a decree (July 8, 1916) affirming the validity, and restraining infringement, of its patent for mechanical toys, also restraining unfair competition in making and selling such toys and the further infringement of its copyright upon trade catalogue and illus-

trated manual relating thereto. 234 Fed. Rep. 912. An appeal was taken to the Circuit Court of Appeals, Sixth Circuit. The same corporation instituted the present suit in the United States District Court, Southern District of New York (December 9, 1916) seeking like relief against John Wanamaker, a customer of Wagner.

The trial court granted a preliminary injunction, asked upon the bill, supporting affidavits and exhibits— January 12, 1917. It expressed general agreement with the conclusions announced in the Ohio cause and said: "It seems quite apparent that the patent is infringed and that diagrams and directions as to construction have been borrowed by defendant from complainant's copyrighted catalogues, and that the system of construction adopted by the defendant is a direct imitation of complainant's system." An appeal followed; pending which the Circuit Court of Appeals, Sixth Circuit (November, 1917) reversed the Ohio District Court's decree so far as it sustained the patent, approved it otherwise, and remanded the cause for further proceedings. 246 Fed. Rep. 603.

January 25, 1918, after argument but before determination of appeal from the preliminary order, petitioner moved for final decision on the merits, claiming that the decree of the Circuit Court of Appeals, Sixth Circuit "is final and conclusive as to the case at bar, under the principles enunciated by the Supreme Court." Being opposed, the motion was denied —March 24, 1918. The court said of it:

"This was a motion for a 'decision on the merits of this cause' by this court under the following circumstances. A suit was brought in the District Court for the Southern District of New York for an injunction for infringement of a copyright, and of a patent, and for unfair competition in the manufacture of a mechanical toy in absolute imitation of the plaintiff's. The plaintiff applied for and got

an injunction *pendente lite,* from which the defendant
appealed.  That appeal is still pending undetermined in
this court.  Meanwhile the plaintiff had in the District
Court required the defendant to answer certain interrog-
atories by which it appeared that the defendant procured
from one Wagner, the toys which it sold in alleged un-
fair competition and in violation of the patent, and also
the 'manuals' which went with the toys and explained
their uses, which are alleged to infringe the copyright.
The interrogatories further showed that Wagner had
agreed to hold the defendant harmless for any sales of
the toys and manuals, and that in pursuance of that
undertaking he had taken a share in the defense of this
suit.  While it did not appear exactly what that share
was, it may be assumed for the purposes of the motion
only, that Wagner has assumed the chief conduct of the
case and that the defendant remains only formally repre-
sented.

"The plaintiff sued Wagner in Ohio upon the three
same causes of equity and obtained a decree upon all.
Later an appeal was taken to the Circuit Court of Appeals
for the Sixth Circuit and the decree was affirmed except
as to the patent, which was declared invalid and which
the plaintiff has now withdrawn from this suit.  No final
decree has been entered and the Ohio cause now stands
for an accounting in the district court.  This motion is
upon the record in the Ohio suit which is made a part of
the moving papers and it presupposes that this court may
pass a final decree for the plaintiff upon the appeal from
the injunction *pendente lite* upon the assumption that that
record is a complete estoppel against the defendant here
and leaves open no issues for determination between the
parties."

"We pass the question of practice whether this court
under the doctrine of *Mast, Foos & Co.* v. *Stover,* 177
U. S. 488, may enter a decree for the plaintiff upon such

an appeal as that now pending. *Mast, Foos & Co.* v. *Stover, supra*, was a case where the bill was dismissed and no case has so far held that the plaintiff could obtain an affirmative decree. As we think the motion must be denied upon the merits, we leave open the question whether the plaintiff may in any event so terminate the litigation. . . . It is apparent that some of the issues are different from those litigated in Ohio; they involve not only the defendant's rights to sell Wagner's toys and manuals, but any others which it may procure elsewhere. . . . At best the rule in *Mast, Foos & Co.* v. *Stover, supra*, is limited to those cases in which the court can see that the whole issues can be disposed of at once without injustice to the parties. Whatever may be the result here, it is apparent that the case involves more than can be so decided."

April 15, 1918, the court below reversed the challenged preliminary order. After stating that the trial court very naturally followed the Ohio District Court, it referred to the partial reversal of the decree there announced and expressed entire agreement with the Circuit Court of Appeals, Sixth Circuit, in holding the patent invalid. And, having considered the evidence relating to copyright and unfair competition, it found no adequate ground for an injunction. 250 Fed. Rep. 450. The cause comes here by certiorari. See *Ex parte Wagner*, 249 U. S. 465.

Decrees by Circuit Courts of Appeals are declared final by § 128, Judicial Code, in cases like the present one. We, therefore, had authority to bring this cause up by certiorari and may treat it as if here on appeal. Section 240, Judicial Code; *Harriman* v. *Northern Securities Co.*, 197 U. S. 244, 287; *Denver* v. *New York Trust Co.*, 229 U. S. 123, 136. The power of Circuit Courts of Appeals to review preliminary orders granting injunctions arises from § 129, Judicial Code, which has been often considered. *Smith* v. *Vulcan Iron Works*, 165 U. S. 518;

*Mast, Foos & Co.* v. *Stover Manufacturing Co.;* 177 U. S. 485, 494; *Harriman* v. *Northern Securities Co., supra; United States Fidelity & Guaranty Co.* v. *Bray,* 225 U. S. 205, 214; *Denver* v. *New York Trust Co., supra.* This power is not limited to mere consideration of, and action upon, the order appealed from; but, if insuperable objection to maintaining the bill clearly appears, it may be dismissed and the litigation terminated.

The correct general doctrine is that whether a preliminary injunction shall be awarded rests in sound discretion of the trial court. Upon appeal, an order granting or denying such an injunction will not be disturbed unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion. *Rahley* v. *Columbia Phonograph Co.,* 122 Fed. Rep. 623; *Texas Traction Co.* v. *Barron G. Collier, Inc.,* 195 Fed. Rep. 65, 66; *Southern Express Co.* v. *Long,* 202 Fed. Rep. 462; *City of Amarillo* v. *Southwestern Telegraph & Telephone Co.,* 253 Fed. Rep. 638. The informed judgment of the Circuit Court of Appeals exercised upon a view of all relevant circumstances is entitled to great weight. And, except for strong reasons, this court will not interfere with its action. No such reasons are presented by the present record.

Pending the New York appeal the situation underwent a radical change—the Circuit Court of Appeals, Sixth Circuit, reversed the decree upholding petitioner's patent. Evidently the trial court had granted the preliminary injunction in entire reliance upon that decree and after its reversal the court below properly took notice of and considered the changed circumstances. *Gulf, Colorado & Santa Fe Ry. Co.* v. *Dennis,* 224 U. S. 503, 505, 506.

Petitioner maintains that its motion for final decree upon the merits should have been sustained. But the appeal was from an interlocutory order and the court could only exercise powers given by statute. On such an appeal a cause may be dismissed if it clearly appears that

no ground exists for equitable relief; but finally to decide a defendant's rights upon the mere statement of his adversary, although apparently supported by *ex parte* affidavits and decrees of other courts, is not within the purview of the act. He is entitled to a day in court with opportunity to set up and establish his defenses. The motion for final judgment was properly overruled. *Eagle Glass & Manufacturing Co.* v. *Rowe*, 245 U. S. 275, 281.

Petitioner's motion to enter a disclaimer must be denied.

If the two Circuit Courts of Appeals have expressed conflicting views we cannot now declare which is right or undertake finally to decide the several issues involved upon their merits. The matter for review here is the action of the courts below upon the preliminary order for injunction and we may go no further. *Leeds & Catlin Co.* v. *Victor Talking Machine Co.*, 213 U. S. 301, 311; *Lutcher & Moore Lumber Co.* v. *Knight*, 217 U. S. 257, 267.

The judgment of the Circuit Court of Appeals is affirmed. The cause will be remanded to the District Court for further proceedings in conformity with this opinion.

*Affirmed.*