## FLINTKOTE CO. v. PHILIP CAREY CO.

(Circuit Court of Appeals, Seventh Circuit. June 9, 1926.)

No. 3697.

**1. Patents ⬳212(1)—Trade-marks and trade-names and unfair competition ⬳95(1).**

To justify temporary injunction in suit on patent or license agreement, or to enjoin unfair competition, case should be clear and free from reasonable doubts.

**2. Appeal and error ⬳954(2).**

Before reversing ruling refusing interlocutory injunction, record on appeal must disclose improvident exercise of judicial discretion or violation of some rule of equity.

**3. Injunction ⬳147.**

Trial court, in passing on application for interlocutory injunction, was, upon the facts disclosed, justified in asking that all proof be offered to determine character of relief ordered.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action by the Flintkote Company against the Philip Carey Company. From an order refusing an interlocutory injunction, plaintiff appeals. Affirmed.

A. F. Reichmann, of Chicago, Ill., for appellant.

Henry Russell Platt, of Chicago, Ill., and Alfred C. Cassatt, of Cincinnati, Ohio, for appellee.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

PER CURIAM. Should this court disturb the ruling of the District Court in refusing to grant an interlocutory injunction, sought upon affidavits, exhibits, and pleadings? The District Judge, in passing upon the question, said:

"After carefully reading the pleadings and supporting affidavits herein, and after considering the arguments of counsel, the court cannot declare that the right of the complainant is so free from doubt as to warrant the issuance of a preliminary injunction. The court cannot injure the business of the defendant by practically arresting its business in advance of a final hearing.

"The injuries complained of have been going on admittedly since the 1st of January, 1925. The financial ability of defendants to respond in damages has not been questioned.

"No proceedings have been instituted by complainant to restrain the defendants from infringing upon their rights growing out of their letters patent, and so, without passing upon the ultimate rights of the parties herein, the court denies the application for a temporary injunction."

Many interesting questions have been very ably argued in the briefs of respective counsel, and their solution challenges our interest and invites a discussion. After careful consideration of all of them, we are convinced that it would be a mistake to decide any of them upon the record before us. Certainly several of them cannot be disposed of finally without a full trial on the merits.

Our duty is well defined in Meccano, Limited, v. John Wanamaker, 253 U. S. 136, 40 S. Ct. 463, 64 L. Ed. 822; Standard Elevator Co. v. Crane Elevator Co., 56 F. 718, 6 C. C. A. 100; American Cereal Co. v. Eli Pettijohn Cereal Co., 76 F. 372, 22 C. C. A. 236.

[1, 2] To justify the issuance of a temporary injunction in a suit brought on a patent, or a breach of a license agreement, or to enjoin unfair methods of competition, plaintiff's case should be a clear one, free from reasonable doubts. Before the District Court's ruling will be reversed, the record on appeal must disclose an improvident exercise of judicial discretion or a violation of some rule of equity.

[3] Upon all three of plaintiff's theories we are convinced that the trial judge could fairly say he was not satisfied to act upon the affidavit and exhibit proof made in the court below, but was entitled to hear the parties and their witnesses in open court before he finally determined whether any relief should be granted the plaintiff. And in case the plaintiff was entitled to relief, the court was also justified in asking that all the proof be offered that he might determine the character of the relief he should order.

The order is affirmed.