## WILLIAMS et al. v. SOUTHERN COTTON OIL CO. et al.

### No. 5797.

Circuit Court of Appeals, Fifth Circuit.

Dec. 4, 1930.

388

Jno. R. L. Smith, of Macon, Ga., and Frank C. Tindall, of Atlanta, Ga., for appellants.

A. R. Lawton and T. M. Cunningham, both of Savannah, Ga., Scott Russell, of Macon, Ga., and Thomas W. Hardwick, of Albany, Ga. (Jones, Jones, Johnston & Russell, of Macon, Ga., on the brief), for appellees.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal from a decree granting an interlocutory injunction to prevent the sale of certain property, and the disposition of the proceeds of other property, held by a trustee, appointing a receiver for the property, to take it over from the trustee, and overruling a motion to dismiss the bill. As the order overruling the motion to dismiss is not final, and not appealable, we need not consider it.

The material facts appearing from the allegations of the bill with amendments, the exhibits, the admissions in the answer, and the stipulations of counsel, are these: C. G. Rawlings conveyed some 25,000 acres of farming land, certain city lots and certain personal property to L. B. Holt as trustee, to secure the payment of $200,000, evidenced by notes. The deed stipulated that Holt was to conduct farming operations on the land, pay himself a salary of $10,000 per annum, and pay Rawlings $300 a month during the term of his natural life. Holt bought fertilizer and seed peanuts from the Southern Cotton Oil Company, appellee, to the amount of approximately $20,000, and gave notes in settlement of the account. These notes are unpaid and form the basis of the suit, together with another note, the private obligation of Holt. Holt owns or controls practically all the notes issued under the deed of trust, approximately $195,000. He proceeded to sell a considerable portion of the property, under his authority as trustee, and bought it in himself. Holt became insolvent and was adjudicated bankrupt. It is admitted that Holt intended to sell all the property and liquidate the notes secured by the trust deed in preference to paying any other creditors. The security is not sufficient to pay the trust notes which are past due, much less the other debts of the estate.

The bill alleged that the debt for the fertilizer and peanuts constituted a lien on the farming property superior to the lien of the notes secured by the trust deed. The District Court in a brief opinion so held.

It is quite evident that the ultimate rights of the parties could not be determined in a summary proceeding, although there is a strong probability that the plaintiff will prevail in its contention that its debt is entitled to a superior lien. Sanders v. Houston Guano & Warehouse Co., 107 Ga. 49, 32 S. E. 610. The issuance of an interlocutory injunction is largely a matter of discretion. Meccano v. Wanamaker, 253 U. S. 136, 40 S. Ct. 463, 64 L. Ed. 822. There was clearly no abuse of discretion in this case.

On the facts disclosed there could be no doubt as to the propriety of the appointment of a receiver to preserve the property for the benefit of all parties. A large tract of farming land required administration, and Holt, a bankrupt, charged with having improperly acquired the property in his trust, was not a fit person to continue its administration.

The record presents no reversible error. Affirmed.