**INTERNATIONAL AGRICULTURAL CORPORATION et al. v. PEARCE et al.**

No. 4665.

Circuit Court of Appeals, Fourth Circuit.

July 18, 1940.

L. P. McLendon, of Greensboro, N. C., and Roy H. Callahan, of New York City (Ratcliff, Hudson & Ferrell, of Winston-Salem, N. C., Brooks, McLendon & Holderness, of Greensboro, N. C., and White & Case, of New York City on the brief), for appellants.

Charles C. Pearce, Sp. Asst. to the Atty. Gen. (Thurman Arnold, Asst. Atty. Gen., Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., John W. Aiken, Thomas M. Logan, and Harold L. Schilz, Sp. Assts. to the Atty. Gen., Edward Dumbauld, of Washington, D. C., David Fields, of Winston-Salem, N. C., and Maurice A. Fitzgerald, Hal T. Gibson, William H. Glenn, Walter R. Powell, Jr., and Benjamin R. Tillman, Sp. Attys., Department of Justice, all of Washington, D. C., on the brief), for appellees.

Before PARKER, SOPER, and DOBIE, Circuit Judges.

PER CURIAM.

■ Subpoenas duces tecum were served upon the appellant fertilizer companies commanding them to appear in the District Court and to produce a large mass of listed documents, books and papers which the attorneys of the United States intended to present to a grand jury summoned to inquire into complaints of alleged violations of the federal anti-trust laws by persons and corporations engaged in the fertilizer industry. The appellants moved the court to quash and vacate the subpoenas on the ground that they constituted an unlawful and unreasonable search and seizure in violation of the Fourth Amendment to the Federal Constitution in that they were too general and indefinite in terms, too extensive in time, and contained no showing of relevancy to any issue which the grand jury had jurisdiction to consider. Affidavits in support and in opposition to the motions were filed, and after extended argument, the court issued an order denying the motions, but directing certain modifications of the subpoenas. From this action it is conceded no appeal lay, Cobbledick v. United States, 309 U. S. 323, 60 S.Ct. 540, 542, 84 L.Ed. 783, since the order was not a final decision within the meaning of § 128(a) of the Judicial Code, 28 U. S.C.A. 225(a)

Thereupon, the appellants produced the first installment of the documents and filed bills of complaint against the government's attorneys and the foreman of the grand jury, in which they asked for a decree directing the immediate return of all the documents and enjoining the utilization or inspection of them during the pendency of the suits. The motions for preliminary injunction came on for hearing upon opposing affidavits and were denied by the District Judge; whereupon the present appeal was taken. It is conceded by the appellants that if the appeal constitutes an attempt on their part to do indirectly what they are not permitted to do directly under the rule of the Cobbledick case, the appeal should be dismissed. In our opinion this concession is correct for it is obvious that if an appeal does not lie from the refusal of the court to quash the subpoenas, in that such refusal does not constitute a final decision of the case, the parties may not avoid the rule by recasting their application in the form of a motion for a preliminary injunction.

■ The appellants, however, contend that there is a distinction between the production of the documents in obedience to the mandate of the subpoenas, and the use of the documents after they are produced, and that although no appeal lies from the refusal of the court to quash the subpoenas requiring the production, an appeal does lie from the refusal of the court to enjoin the use of the documents in the grand jury investigation. In our opinion there is no substance in this distinction. The ground upon which the Cobbledick decision was based is that it is important to safeguard against undue interruption of the administration of criminal justice, and therefore a party will not be allowed to take to the upper court a ruling where the result of review will be "to halt in the orderly progress of a cause and consider incidentally a question which has happened to cross the path of such litigation". The lack of finality of the order now under review, and the evil consequences that will follow if it were held that such an order is appealable, are as obvious in the present status of the litigation as they were when the original motions to quash the subpoenas was denied by the District Court.

There is no reason to apprehend that the documents will be lost or misapplied

by the government. The District Judge indicated to counsel his willingness to do everything necessary to protect and safeguard them and to prevent their application to an improper use.

It may be added that the grant or refusal of a preliminary injunction will not be reversed on appeal in the absence of an abuse of discretion by the trial court; and that no abuse of discretion appears when the ruling merely gives effect to a sound rule of procedure. The appeal will be dismissed and the mandate will issue forthwith to the end that there be no further interference with the grand jury proceedings.

Appeal dismissed.