## MEISELMAN et al. v. PARAMOUNT FILM DISTRIBUTING CORPORATION et al.

### No. 6006.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 6, 1950.

Decided Feb. 9, 1950.

Robert L. Wright, Washington, D.C. (J. M. Scarborough, Charlotte, N.C. and Clagett & Schilz, Washington, D.C. on brief) for appellants.

L. P. McLendon, Greensboro, N.C. and John F. Caskey, New York City (Kenneth M. Brim, G. Neil Daniels, Greensboro, N.C. Kenneth C. Royall, Washington, D.C. and Charles F. Young, New York City, on brief) for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PARKER, Chief Judge.

This is an appeal from an order denying an interlocutory injunction in an action instituted under section 7 of the Sherman Act, 15 U.S.C.A. § 15 note, and sections 4 and 16 of the Clayton Act, 15 U.S.C.A. §§ 15, 26, asking damages and injunctive relief. Plaintiffs are the owners of the "Center" motion picture theatre, which is located some distance from the principal business section of the City of Charlotte, North Carolina. Defendants are producers, distributors or exhibitors of motion picture films. The gravaman of the complaint is that defendants monopolize the distribution of motion picture films in the Charlotte area and exclude plaintiffs from obtaining first run films for exhibition in their theatre. A motion for an interlocutory injunction was filed asking that defendants be restrained from licensing films for exhibition at the Broadway, Imperial and Carolina Theatres, the "downtown" theatres of Charlotte, except upon the same conditions as they may be offered to plaintiffs, or from licensing them in such way as to confer monopoly of first run pictures on these theatres.

Although much evidence was heard by the court below, it is clear that the hearing was for the purpose of a preliminary injunction only and that plaintiffs refused to submit the case for final decree upon the evidence taken. The trial judge found the

96

facts at length, but only for the purposes of the motion before him, as appears from his opinion reported in 86 F.Supp. 554. He found specifically, and the evidence sustains the findings, that there was no such danger of irreparable loss or damage to plaintiffs as would justify granting an interlocutory injunction, that such injunction would not preserve but would alter the status quo and that to grant it would involve the decision of questions which should be decided upon final hearing. The sixth conclusion of law contains the following statement. 86 F.Supp. at page 565: "The Court in the exercise of its discretion concludes that a preliminary injunction is not necessary for the protection of any rights the plaintiffs may finally establish upon the trial of this case upon its merits."

There is nothing in the evidence to indicate any abuse of discretion on the part of the trial judge; and, as the case is yet to be heard by him upon the facts, it is undesirable that we discuss the evidence or make statements with regard thereto which might be seized upon by the parties as indicating an opinion on our part as to how the case should be decided. The principles of law involved are important and difficult of application to the facts; and we should refrain from discussing them until the case to which they are to be applied is before us in final form.

Plaintiffs say that they have offered all the evidence that they care to offer and urge us to decide the questions which arise thereon; but defendants answer that they desire to offer further evidence and that the case can not be finally disposed of on the record before us. In this posture of the case, there is nothing to do but affirm the denial of interlocutory injunction and allow the case to proceed to final hearing in the usual course. It is well settled that an application for interlocutory injunction may not be availed of to secure a piecemeal trial nor as a means whereby an opinion as to the applicable law may be extracted from the appellate court in advance of final hearing. Advantageous though this might be to the parties in some cases, the proper administration of justice requires, particularly in the branch of the law here involved, that the appellate court have the case completely before it when it declares the law applicable thereto. As said by this court in Sims v. Central Trust Co., 4 Cir., 123 F.2d 89, 90: "We feel that we should not pass upon any of the complicated and delicate questions involved in the case, in which parties not before the court are vitally interested, upon an appeal from a mere interlocutory injunction and upon the inadequate record now available, but should await the completion of the hearing in the court below, at which time it will be possible to consider the questions upon an adequate record and avoid a fragmentary hearing on the question of jurisdiction. We shall accordingly affirm the order appealed from, in application of the well settled rule that the granting or denying of an interlocutory injunction is a matter resting in the sound discretion of the court below, and that an order granting or denying same will not be disturbed upon appeal unless the discretion has been improvidently exercised."

See also the decisions of this court in International Agricultural Corporation v. Pearce et al., 4 Cir., 113 F.2d 964, 966, and Sinclair Refining Co. v. Midland Oil Co., 4 Cir., 55 F.2d 43, 45, in the latter of which the court, speaking through Judge Chesnut, said: "In considering whether the granting of this preliminary injunction should be disturbed on this appeal, it is to be borne in mind that the granting of a temporary restraining order or preliminary injunction is within the sound judicial discretion of the court, and the action of the trial court will not be disturbed unless there has been a clear abuse of discretion. The granting of the temporary injunction does not determine the rights of the parties. In the exercise of its discretion it is sufficient if the court is satisfied that there is a probable right and a probable danger and that the right may be defeated unless the injunction is issued, and considerable weight is given to the need of protection to the plaintiff as contrasted with the probable injury to the defendant; and the test on appeal is not whether the appellate court would have granted or denied the injunction, but whether the record shows an abuse of authority by the trial judge. Meccano v. Wanamaker, 253 U.S. 136, 141, 40 S.Ct.

463, 64 L.Ed. 822; United States Gramophone Co. v. Seaman, 4 Cir., 113 F. 745; Ritter v. Ulman, 4 Cir., 78 F. 222; El Dorado & W. Ry. Co. v. Chicago, R. I. & P. Co., 8 Cir., 5 F.2d 777; Colorado Eastern Ry. Co. v. Chicago, B. & Q. Ry. Co., 8 Cir., 141 F. 898; Societe Anonyme du Filtre Chamberland Systeme Pasteur v. Allen, 9 Cir., 90 F. 815. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Blount v. Societe, 6 Cir., 53 F. 98; Kings County Raisin & Fruit Co. v. United States Consol. Raisin Co., 9 Cir., 182 F. 59."

 Directly in point is the decision of the Court of Appeals of the Third Circuit in Warner Bros. Pictures v. Gittone, 3 Cir., 110 F.2d 292, 293, wherein the court said: "We have pointed out frequently that the granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. New York Asbestos Mfg. Co. v. Ambler Asbestos Air Cell Cov. Co., 3 Cir., 102 F. 890; Barker Painting Co. v. Brotherhood of Painters, 3 Cir., 15 F.2d 16; Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578. To justify the granting of such an injunction there must be a showing of irreparable injury during the pendency of the action. American Mercury v. Kiely 2 Cir., 19 F.2d 295; Murray Hill Restaurant v. Thirteen Twenty One Locust, supra. It must also appear that the injunction is required to preserve the status quo pendente lite. American Mercury v. Kiely, supra; 1 Joyce on Injunctions, § 109a; 1 High on Injunctions, § 10."

And the rule that the granting or denial of an interlocutory injunction will not be interfered with in the absence of an abuse of discretion by the trial court has been applied time after time by the Supreme Court. See South Carolina Power Co. v. South Carolina Commission, 286 U.S. 525, 52 S.Ct. 494, 76 L.Ed. 1268, affirming the denial of an interlocutory injunction where the question involved was a pure question of law, as appears from the opinion of the lower court reported in D.C. 52 F.2d 515;

Meccano v. Wanamaker, 253 U.S. 136, 141, 40 S.Ct. 463, 64 L.Ed. 822; Alabama v. United States, 279 U.S. 229, 231, 19 S.Ct. 266, 73 L.Ed. 675; United Fuel Gas Co. v. Public Service Commission, 278 U.S. 322, 326, 49 S.Ct. 157, 73 L.Ed. 402; National Fire Ins. Co. v. Thompson, 281 U.S. 331, 338, 50 S.Ct. 288, 74 L.Ed. 881; United Drug Co. v. Washburn 284 U.S. 593, 52 S.Ct. 202, 76 L.Ed. 511; Binford v. J. H. McLeaish & Co., 284 U.S. 598, 52 S.Ct. 207, 76 L.Ed. 513; Rogers v. Hill, 289 U.S. 582, 587, 53 S.Ct. 731, 77 L.Ed. 1385; United States v. Corrick, 298 U.S. 435, 437, 56 S. Ct. 829, 830, 80 L.Ed. 1263. As said in the case last cited: "On appeal from the granting or refusal of an interlocutory injunction, our inquiry is limited to the question whether the court abused its discretion."

We intimate no opinion on any question of law or fact involved in the case except to point out that there is no foundation for the fear expressed by one of counsel on argument that the decision on the interlocutory injunction may be treated as the law of the case. No question there decided will be binding upon the court when hearing the case finally upon the merits. We find no abuse of discretion in refusing the interlocutory injunction and affirm the order on that ground, without passing upon any other question of law or fact.

Affirmed.