**BERNHARDT**

v.

**POLYGRAPHIC CO. OF AMERICA, Inc.**

**Civ. No. 1599.**

United States District Court,
D. Vermont.

July 8, 1954.

Manfred W. Ehrich, Jr., Eugene V. Clark, Bennington, Vt., for plaintiff.

Guy M. Page, Jr., Burlington, Vt., McNamara & Larrow, Burlington, Vt., for defendant.

GIBSON, District Judge.

On February 15, 1954, the plaintiff, a citizen of Vermont, instituted this civil action for breach of an employment contract in the county court within and for the County of Bennington, Vermont. On March 5, 1954, the defendant, a corporate citizen of New York, petitioned for the removal of the county court action to this court under the provisions of 28 U.S.C.A. § 1441 et seq. On March 10,

1954, the defendant filed its answer to the complaint, joining therewith a counterclaim against the defendant.

On May 6, 1954, the defendant moved for a stay of the proceedings in this court on the grounds that the employment contract here in issue contained a mandatory, irrevocable agreement providing for arbitration of any disputes which might arise out of the contract. The particular contractual provisions pertinent here are as follows:

"*Eleventh:* The parties hereto do agree that any differences, claim or matter in dispute arising between them out of this agreement or connected herewith shall be submitted by them to arbitration by the American Arbitration Association, or its successor and that the determination of said American Arbitration Association or its successors, or of any arbitrators designated by said Association, on such matter shall be final and absolute. The said arbitrator shall be governed by the duly promulgated rules and regulations of the American Arbitration Association, or its successor, and the pertinent provisions of the Civil Practice Act of the State of New York, § 1448 et seq. relating to arbitrations. The decision of the arbitrator may be entered as a judgment in any court of the State of New York or elsewhere."

"*Fourteenth:* The parties hereto do hereby stipulate and agree that it is their intention and covenant that this agreement and performance hereunder and all suits and special proceedings hereunder be construed in accordance with and under and pursuant to the laws of the State of New York and that in any action special proceeding or other proceeding that may be brought arising out of, in connection with or by reason of this agreement, the laws of the State of New York shall be applicable and shall govern to the exclusion of the law of any other forum, without regard to the jurisdiction in which any action or special proceeding may be instituted."

It is the defendant's contention that it is entitled to the stay it seeks on three independent grounds:

1. Under the authority of the Federal Arbitration Act, so-called, as set forth in 9 U.S.C.A.;

2. That the parties have validly contracted to adjust contractual disputes by arbitration;

3. That a Vermont court would, under like circumstances, stay the present action.

The cause was argued at Brattleboro, Vermont, on June 22, 1954, at which time the plaintiff petitioned for a temporary injunction to prevent the defendant from continuing the arbitration proceedings which it had instituted on or about May 3, 1954.

### Conclusion of Law.

 It might well be said that all three of the defendant's contentions are centered in one issue, i. e.: what would a state court of this jurisdiction do were the instant motion before it? Passing over the questions of whether this employment contract is a contract evidencing a transaction involving commerce or if this is a suit or proceeding brought in a District Court of the United States, we must remember that a United States District Court is bound by the substantive law of the state within the boundaries of which it sits. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. In a case based solely on diversity of citizenship, the substantial result of litigation in a Federal Court should not differ from that in a state court. Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079; Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. It is therefore obvious that this Court must act upon the stay motion so as to reach the same legal result as would a state court of this jurisdiction.

 There is no statutory law governing arbitration in Vermont; common law rules must, therefore, necessarily apply. The common law rule is that an agreement to submit an issue to arbitration is not binding and is revocable at any time before an award is actually made by arbitrators. Mead's Admx. v. Owen, 83

Vt. 132, 135, 74 A. 1058; Sartwell v. Sowles, 72 Vt. 270, 277, 48 A. 11. This seems also to be the general rule to be applied in the absence of a controlling statute. Shafer v. Metro-Goldwyn-Mayer Dist. Corp., 36 Ohio App. 31, 172 N.E. 689, 693; 6 C.J.S., Arbitration and Award, § 33(a).

In accordance with the law of Vermont, it is ordered that the defendant's motion for a stay of these proceedings be denied. The temporary injunction sought by the plaintiff is a matter addressed largely to the discretion of this Court. Meccano, Ltd. v. John Wanamaker, 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822. The requisite need for this injunction has not been shown convincingly and the petition therefor is denied. National Commodities Co. v. Viret, 2 Cir., 296 F. 664.

Let entry be made accordingly.