**AMERICAN VISUALS CORPORATION,**
**Plaintiff-Appellant,**

v.

**Frederick A. HOLLAND and Sam**
**Schwartz, Defendants-**
**Appellees.**

**No. 115, Docket 23207.**

United States Court of Appeals,
Second Circuit.

Argued Jan. 7, 1955.

Decided Feb. 2, 1955.

**224**

Socolow, Stein & Seton, New York City, Monroe E. Stein and Charles B. Seton, New York City, of counsel, for appellant.

Mallin & Gross, New York City, Armand E. Lackenbach and Burton Perlman, New York City, of counsel, for appellees.

Before SWAN and MEDINA, Circuit Judges, and DIMOCK, District Judge.

PER CURIAM.

■ The granting or refusing of an injunction pendente lite is ordinarily a discretionary matter for the district judge, whose decision will not be reversed unless an abuse of discretion is apparent. Meccano, Ltd. v. John Wanamaker, 253 U.S. 136, 141, 40 S.Ct. 463, 64 L.Ed. 822; Huber Baking Co. v. Stroehmann Bros. Co., 2 Cir., 208 F.2d 464, 465, 467; Aeolian Co. v. Fischer, 2 Cir., 29 F.2d 679, 681; Behre v. Anchor Ins. Co., 2 Cir., 297 F. 986, 991. We see no such abuse in the case at bar.

■ The motion was heard upon supporting and opposing affidavits and the copies, attached to the complaint, of plaintiff's pamphlet, "Killer in the Streets," and the defendants' pamphlet, "It Can't Happen to Us." Each pamphlet deals pictorially in cartoon style with three common types of highway accident resulting from careless driving by members of a family. Only the expression of ideas is copyrightable, and Judge Dawson was of opinion [126 F. Supp. 515] that there was not "sufficient similarity in the execution of the work" to show infringement. The pictures in the accused pamphlet are different from, and superior to, those of the plaintiff's pamphlet. Even if some of the words ascribed to the pictured characters are sufficiently similar to suggest plagiarism, as to which it is unnecessary to express an opinion, the denial of a temporary injunction was proper, because the affidavits raise a question as to the validity of plaintiff's copyright on the ground that its pamphlet, under a different title, had been dedicated to the public by prior publication without any copyright notice. Furthermore, the affidavits do not show that money damages will not be an adequate remedy or that plaintiff will suffer irreparable injury if a temporary injunction is denied. With respect to the counts alleging unfair competition and misuse of confidential information, there are disputed questions of fact decision of which should await final hearing.

Order affirmed.