**J. M. FIELDS OF ANDERSON, INC.,**
Appellant,

v.

**The KROGER CO., Appellee.**

**No. 19655.**

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1962.

———◆———

William C. Calhoun, Augusta, Ga., Warren J. Kaps, Jersey City, N. J., Stein & Kripke, Jersey City, N. J., and Calhoun & Mobley, Augusta, Ga., of counsel; George L. Garrison, Paterson, N. J., on the brief, for appellant.

Robert C. Norman, James E. Johnson, Jr., Augusta, Ga., Hull, Willingham, Towill & Norman, Augusta, Ga., of counsel, for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and JOHNSON, District Judge.

JOHNSON, District Judge.

This is an action by The Kroger Co. to enjoin J. M. Fields of Anderson, Inc., preliminarily from operating a grocery store in the Southgate Plaza Shopping Center located in Augusta, Georgia. The case is before this Court from an order of the District Court enjoining J. M. Fields of Anderson, Inc.;[1] the order was entered after notice and a full hearing based upon "all the evidence in the case" and requires The Kroger Co. to post a bond in the sum of $5,000.

The appellant seeks reversal upon the claim that the evidence before the trial court was insufficient, both factually and legally, to support the injunction and for that reason the lower court abused its discretion in issuing the preliminary injunction. Appellant further contends that the findings by the District Court were inadequate when measured against the requirements of Rule 52(a), Federal Rules of Civil Procedure.[2]

In July 1956, The Kroger Co. entered into a lease with Southgate Plaza, Inc. This lease contained a restrictive covenant which stated that Southgate would not lease any other area within a thousand feet of the Kroger premises for use as a store for retail business such as Kroger's—a supermarket or grocery store. A short form of the lease which did not contain the restrictive covenant was recorded. In 1960, Kroger agreed to a modification of the lease to the ex-

tent that the shopping center was authorized to lease to Fields premises adjacent to Kroger; Fields was a subsidiary of Enterprise—J. M. Fields, Inc., which then operated junior department stores and discount self-service department stores. This lease was assigned to the appellant, which in November 1961, operated a large variety department store in the shopping center. The use clause, as finally agreed upon between Southgate and Fields, authorized Fields to operate "a department store or junior department store conventional service type or self-service type or a combination thereof * * *." Earlier versions of the lease sought to include in its use clause a provision authorizing Fields to use fifteen percent of the floor area of the store for a "food supermarket." Southgate refused this proposal and the provision was eliminated. There was presented in evidence a letter from Southgate's attorney, informing Fields that Southgate had distributed copies of the "use provision" in the proposed Fields lease to the other tenants. There was other testimony and evidence similar to this. For the purposes of this preliminary proceeding, this evidence was sufficient to put Fields on notice as to the restrictive rights of Kroger. Certainly the evidence was sufficient to "excite attention" and put Fields on notice.[3]

When the Fields store opened in November 1961, there were 2,100 square

---

1. The District Court had previously issued an ex parte temporary restraining order as authorized by Rule 65(b), Federal Rules of Civil Procedure.

2. "Rule 52. Findings by the Court
   "(a) *Effect.* In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be

given to the opportunity of the trial court to judge of the credibility of the witnesses. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or any other motion except as provided in Rule 41(b). * * *"

3. Georgia Code Annotated, § 37-116: "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found such inquiry might have led."

feet devoted to the sale of foods. From November 16 to November 27, 1961, the sales in the food department amounted to $21,193.03.

■ At the conclusion of the hearing the trial judge found that Fields had notice of the restrictive rights of Kroger under its lease with Southgate and further that immediate and irreparable injury, loss or damage had resulted and would continue to result if Fields was permitted to operate as a grocery store or supermarket. In this connection, the Court stated:

"It Appearing Further, from the evidence presented, that said injury and damage is continuing and is irreparable, in that the acts of the Defendants as shown by the evidence will cause continuing and irreparable damage to the Plaintiff by the siphoning away of the business, profits, customers, and goodwill of the Plaintiff, and that the loss of such business, profits, customers, and goodwill is not only irreparable, but manifestly difficult of computation and ascertainment;"

We hold the findings and conclusions of the District Court are adequate in this preliminary injunction case.

■ As to the claim of appellant that the district judge erred in granting the preliminary injunction because of the lack of evidence on the questions of notice and irreparable injury, it is our opinion that in such cases the granting or denying of a preliminary injunction is within the discretion of the trial court. Upon appeal, an order granting or denying the injunction is not a review upon the merits, but is simply a determination as to whether that discretion has been abused. In this connection, the Supreme Court of the United States in Meccano, Ltd. v. John Wanamaker, 253 U.S. 136, 40 S.Ct. 463, 64 L.Ed. 822 (1920) stated:

"The correct general doctrine is that whether a preliminary injunction shall be awarded rests in sound discretion of the trial court. Upon appeal, an order granting or denying such an injunction will not be disturbed unless contrary to some rule of equity, or the result of improvident exercise of judicial discretion."

This Court has consistently applied that principle in preliminary injunction cases. For instance, in Detroit Football Company v. Robinson, 5 Cir., 283 F.2d 657 (1960), we stated:

"The merits of a case are usually not to be decided on an application for a preliminary injunction. Miami Beach Federal Savings & Loan Association v. Callander, 5 Cir., 1958, 256 F.2d 410. The granting or denial of a preliminary injunction is a matter for the exercise of the discretion of the trial court. Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834; Home Decorators, Inc. v. Herfort, 5 Cir., 1950, 179 F.2d 398; Central Hanover Bank & Trust Co. v. Callaway, 5 Cir., 1943, 135 F.2d 592; Spring v. Ohio Oil Co., 5 Cir., 1940, 108 F.2d 560. On appeal from the granting or refusal of an interlocutory injunction the inquiry is limited to the question whether the court abused its discretion. United States v. Corrick, 298 U.S. 435, 56 S.Ct. 829, 80 L.Ed. 1263. The discretion of the trial court is broad and a strong showing of abuse must be made to reverse it. United States v. W. T. Grant Co., 345 U.S. 629, 73 S.Ct. 894, 97 L.Ed. 1303."

As we have stated many times before in cases such as this one, the conclusion herein expressed by this Court, either as to the law or the sufficiency of the facts, relates solely to the question of whether the action of the trial judge upon this preliminary hearing was an abuse of discretion, and nothing herein said or unsaid is to be taken as a determination on those same issues which the District Court is to make on the final hearing.

The judgment of the District Court is Affirmed.