## SELCHOW & RIGHTER CO. v. WESTERN PRINTING & LITHOGRAPHING CO. et al.

### No. 7154.

Circuit Court of Appeals, Seventh Circuit.

May 13, 1940.

Foley & Brach and Jerome J. Foley, all of Racine, Wis. (Arthur E. Farmer, of New York City, and Jerome J. Foley, of Racine, Wis., of counsel; Benjamin H. Stern, of New York City, on the brief), for appellants.

Lecher, Michael, Whyte & Spohn, of Milwaukee, Wis. (John W. Michael, of Milwaukee, Wis., and Axel V. Beeken and Valdemar Beeken, both of New York City, of counsel), for appellee.

Before TREANOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

TREANOR, Circuit Judge.

Defendants-appellants have prosecuted this appeal from the order of the District Court granting a preliminary injunction during the pendency of the principal action or until further order of the court. The action was predicated on the claim that the defendants were infringing the trade-mark rights of the plaintiff and were threatening to continue such infringement. The relief sought was a permanent injunction to restrain the defendants from invading the plaintiff's common law rights in the trade-mark and from continuing their unfair business practices and unfair competition against the plaintiff. Other appropriate relief was sought.

At the close of the hearing on plaintiff's motion for a preliminary injunction the District Court made findings of fact and stated its conclusions of law thereon. The findings of the District Court may be summarized as follows:

The suit involves the trade-mark "Parcheesi", and is based both upon infringement of the common law rights of the plaintiff in the trade-mark and unfair competition. The business of plaintiff and its predecessors has been, since 1869, largely devoted to the production of a game which is sold under the name of "Parcheesi." It is evident that an ordinary customer going into a store and asking for the game "Parcheesi" has no information as to who might have manufactured and produced that game; but it appears from "plaintiff's moving papers" that persons in charge of buying games for large stores and retail outlets have for many years associated the game of "Parcheesi" with the plaintiff only and that retail stores, which keep

in stock the same game under the name of "India," a name used by defendant, have found that public demand makes it necessary also to carry in stock the game produced by plaintiff under the name "Parcheesi." The plaintiff and its predecessors have built up a good-will in the game "Parcheesi." Plaintiff does not claim that it is entitled to the exclusive use of the game as such; and for some years previous to April, 1939, the defendants, as well as other toy manufacturers, have sold to the trade the same game but under the name of "India." On or about April 1, 1939, defendants caused to be manufactured and thereafter distributed and sold to the trade under the name "Parchesi" the same game which it had been selling under the name of "India." After the commencement of this suit the defendant, Whitman Publishing Company, answered that it had ceased to manufacture the game marked "Parchesi" and submitted to the court a sample of another game marked "Whit-·man's Pachisi," "having a cover of red or orange with lettering in white," and claimed the right to make and sell the game under such designation. Plaintiff filed a supplemental bill asking that defendants also be enjoined from using the name "Pachisi." The game marked "Parchesi" that defendants manufactured and sold is very similar in appearance, and has very great descriptive resemblance to the game that plaintiff manufactures and sells. There was apparently a deliberate attempt to imitate the plaintiff's game as much as possible without making an exact duplicate. The changes made by the defendants in the sample submitted to the court will not prevent confusion with plaintiff's game. Business concerns which purchase games for the holiday trade usually put in their orders during August and September; and great damage would undoubtedly be done to the plaintiff if defendants were permitted to sell their game pending the outcome of this suit.

The foregoing includes the substance of the findings of fact. On the basis of the facts as found, the court stated the following conclusions of law:

"1. * * * * *

"2. The defenses of alleged invalidity of plaintiff's trade-mark and trade-mark registration and of plaintiff's alleged abandonment of its trade-mark need not and will not be determined on this motion.

"3. The manufacture, distribution and sale by defendants of the game of 'Parchesi' * * * so far as can be determined at this stage of the action constitutes unfair competition against the plaintiff.

"4. The manufacture, distribution and sale threatened by defendants of the game of 'Whitman's Pachisi' submitted to the Court so far as can be determined at this stage of the action would constitute unfair competition against the plaintiff.

"5. The balance of convenience or injury should be resolved in favor of plaintiff.

"6. A temporary injunction is necessary to prevent irreparable injury to the plaintiff.

"7. A temporary injunction may be issued, upon the plaintiff giving bond in the sum of twenty-five hundred dollars ($2,500.00) to protect the defendants from all damage and costs which may be adjudged against the plaintiff in this cause by reason of any wrongful and improvident issue of an order for a writ of preliminary injunction."

The question for decision by this court is whether the District Court committed error in granting the preliminary injunction; and the test of error is whether on the basis of the case made on the motion for preliminary injunction the District Court abused its discretion.

The action of the District Court on a motion for preliminary injunction is not predicated upon an anticipated determination of issues of fact or questions of law which may be involved in the case. Consequently, where the granting of a preliminary injunction would give to a plaintiff all the actual advantage which could be obtained by the plaintiff as a result of a final adjudication of the controversy in favor of the plaintiff, a motion for preliminary injunction ordinarily should be denied. On the other hand, when the denial of the motion will result in great injury to the plaintiff and in the defendant's getting substantial advantage to which he would be entitled only as the result of a final adjudication in his favor, the preliminary injunction should be granted if the defendant's interest can be protected by an indemnifying bond.

In Ohio Oil Co. v. Conway [1] the Supreme Court indicated the considerations which should guide the District Court in refusing

[1] 279 U.S. 813, 815, 49 S.Ct. 256, 73 L. Ed. 972.

or granting a preliminary injunction: "Where the questions presented by an application for an interlocutory injunction are grave, and the injury to the moving party will be certain and irreparable, if the application be denied and the final decree be in his favor, while if the injunction be granted the injury to the opposing party, even if the final decree be in his favor, will be inconsiderable, or may be adequately indemnified by a bond, the injunction usually will be granted."

And it is made clear by the Supreme Court in Rice & Adams Corp. v. Lathrop[2] that a District Court, without abusing its discretion, may either grant or refuse a preliminary injunction in many given situations without committing error. The Supreme Court pointed out that the exercise of discretion should be based principally "upon a balancing of the relative conveniences and inconveniences which might result," and stated that the order before it, which had denied the requested injunction, was conclusive in an appellate court and that "an order granting it would have been equally so."

■ We are of the opinion that the showing made at the hearing on the motion for a preliminary injunction was sufficient to justify the District Court's granting the preliminary injunction. To have refused the request obviously would have been more damaging to the plaintiff than to the defendants, and it is far from clear that the damage thus done could have been cured by a final adjudication in favor of the plaintiff. An adjudication in favor of plaintiff will mean that the defendants are not entitled to have any trade advantage through the use of the name "Parchesi," or "Pachisi," and the use by defendants of either name during the pendency of the action would give such advantage; and even a final decree against the defendants would not destroy all the advantage thus gained by the temporary association of defendants' game with the name of plaintiff's game. On the other hand, if the final adjudication goes in favor of the defendants, the only result of the granting of the preliminary injunction will be to have postponed during the pendency of the action the use of the names by the defendants, and the damage resulting from such postponement can be adequately compensated for by the payment of money. And

in this respect defendants are adequately protected by the indemnifying bond, or at least no complaint has been made as to its adequacy.

The judgment of the District Court is affirmed.

---

[2] 278 U.S. 509, 514, 49 S.Ct. 220, 222, 73 L.Ed. 480.