ANTHONY FERRAIUOLO AND PHILIP FOTI, COMPLAIN-ANTS–RESPONDENTS, v. BENJAMIN MANNO, DEFENDANT–APPELLANT.

Argued October 18, 1948—Decided November 15, 1948.

*Mr. Harry Kay* argued the cause for defendant-appellant.

*Mr. Mario Turtur* argued the cause for complainants-respondents.

The opinion of the court was delivered by

ACKERSON, J. This is an appeal from an order granting a preliminary injunction based upon the bill, answer and the affidavits of the respective parties.

Defendant is restrained *pendente lite* from interfering with the business of the complainant, Anthony Ferraiuolo, or his use and enjoyment of the front portion of the store where said business, a vegetable market, was being conducted at 554 Orange Street, Newark, New Jersey, under lease from the defendant. Incidentally, the defendant is required to remove the fixtures, goods and chattels placed by him in the leased premises.

Defendant argues, as grounds for reversal, that there is an adequate remedy at law; that the material facts relied upon to support complainants' claim for relief are denied under oath, and, therefore, preliminary restraint should have been denied, and that the court had no authority *in limine* to allow such interlocutory injunctive relief.

The complaint and its supporting affidavits exhibit the lease hereinabove referred to, showing a term of five years from November 1, 1946, with an option of renewal for five additional years, and also a bill of sale from the defendant (landlord) to the complainant, Anthony Ferraiuolo, for a vegetable display stand, frosted food box and window display stands then on the leased premises. The complainant, Philip Foti, was later admitted as a partner in the vegetable business by Ferraiuolo. Complainants' affidavits assert that on Saturday July 10, 1948, after their store had been closed for the day, the defendant entered and removed the fixtures therefrom and replaced them with certain of his own. The next day the complainants put their own fixtures back. Thereupon the defendant repeated his previous performance and reinstalled his fixtures. These assertions are not denied by the defendant. The complainants' affidavits further state that following the last mentioned episode the defendant put a new lock on the store door and

refused permission to the complainants to enter and do business in the leased premises. It is then averred that the complainants have built up a valuable good-will, are under obligations to various firms doing business with them, and have made a *bona fide* attempt to locate their business elsewhere without success. It is further asserted that complainants have suffered and will suffer loss of good-will, loss through inability to secure business to carry out the aforementioned contractual obligations, and consequent exposure to law suits, as well as the total destruction of their business, good-will and profits.

The circumstances thus exhibited by the moving papers show a potential irreparable injury, not adequately compensable in damages, which is a well recognized ground for equitable intervention by preliminary injunction. As was said in *Scherman v. Stern,* 93 *N. J. Eq.* 626, *page* 631 *(E. & A.* 1922): "Acts destroying a complainant's business, custom and profits do an irreparable injury and authorize the issue of a preliminary injunction." *Vide Ideal Laundry Co. v. Gugliemone,* 107 *N. J. Eq.* 108, 110 *(E. & A.* 1930); *Christiansen v. Local* 680 *of the Milk Drivers, etc.,* 127 *Id.* 215, 219 *et seq. (E. & A.* 1939); *McGann v. LaBrecque Co.,* 91 *Id.* 307 *(E. & A.* 1919); *Public Service Corp. v. Westfield,* 82 *Id.* 43, 45 *(Ch.* 1913), aff'd 82 *Id.* 662; *Friedlander v. Grand,* 116 *Id.* 537 *(E. & A.* 1934). In the case last cited injunctive relief was denied but only because the tenant had failed to show that there were "no other stores in the neighborhood available or that he cannot move his business to another store without serious loss". In the case *sub judice* the complainant has made such a showing and it is not denied by the defendant.

It is the general rule that a preliminary injunction will not issue where the material facts stated in the moving papers, on which the injunctive relief depends, are met by a full, explicit and circumstantial denial under oath. However, we find the defendant's affidavits deficient in the foregoing particulars. Cf. *Ideal Laundry Co. v. Gugliemone, supra, at page* 115; *Bayonne Textile Corp. v. American, etc., Workers,* 114 *Id.* 307, 323 *(Ch.* 1933). Furthermore, one of the exceptions to the stated rule is that the court, having jurisdiction, will always

intervene to protect the *res* from destruction, loss or impairment, so as to prevent the decree of the court, upon the merits, from becoming futile or inefficacious in operation. Particularly is this so where it appears that the damage resulting to the complainant by a continuance of the alleged wrong may prove to be irreparable. *Guangione v. Guangione*, 97 *N. J. Eq.* 303, 305 *(E. & A.* 1924*); Peters v. Public Service Corp.,* 132 *Id.* 500, 511 *(Ch.* 1942*)*, aff'd 133 *Id.* 283 *(E. & A.* 1943*)*.

We consider this injunctive order, including its mandatory features, necessary for the preservation of the *res* pending final hearing to avert threatened irreparable injury. It is within the competency of the court, particularly since it will result in no material infringement of defendant's rights, to grant such interlocutory relief. *Rockaway Rolling Mills v. D. L. & W. R. R. Co.,* 103 *N. J. Eq.* 297 *(E. & A.* 1928*); Mullins v. Merchandise Drivers, etc., No.* 641, 120 *Id.* 307, 311 *et seq. (Ch.* 1936*); McCran v. Public Service Ry. Co.,* 95 *Id.* 22, 26 *(Ch.* 1923*); Christiansen v. Local* 680 *of the Milk Drivers, etc., supra; Peters v. Public Service Corp., supra;* 4 *Pomeroy's Eq. Jur. (5th ed.* 1941*)* §§ 1359, 1359*a, pp.* 970 *et seq.*

Since the foregoing observations dispose of the defendant's grounds of appeal adversely to his contentions, the order appealed from will be affirmed, with costs.

*For affirmance:* Chief Justice VANDERBILT, and Justices CASE, HEHER, WACHENFELD, BURLING, and ACKERSON—6.

*For reversal:* None.