Harvey B. GANTT, a minor, by his father and next friend, Christopher Gantt, Plaintiffs,

v.

The CLEMSON AGRICULTURAL COLLEGE OF SOUTH CAROLINA, a public body corporate; R. M. Cooper, President of the Board of Trustees of The Clemson Agricultural College of South Carolina; Edgar A. Brown, James F. Byrnes, Charles E. Daniel, Winchester Smith, Robert R. Coker, Jamces C. Self, Robert L. Stoddard, Paul Quattlebaum, Jr., W. Gordon McCabe, Jr., W. A. Barnette, A. M. Quattlebaum and L. D. Holmes, Members of the Board of Trustees of The Clemson Agricultural College of South Carolina; Kenneth N. Vickery, Registrar of The Clemson Agricultural College of South Carolina; and J. T. Anderson, Superintendent of Education of the State of South Carolina, Defendants.

No. CA/4101.

United States District Court
W. D. South Carolina,
Anderson Division.

Sept. 6, 1962.

Matthew J. Perry, Jenkins & Perry, Columbia, S. C., Donald James Sampson, Willie T. Smith, Jr., Greenville, S. C., Jack Greenberg, Constance Baker Motley, New York City, for plaintiffs.

William Law Watkins, Watkins, Vandiver, Freeman & Kirven, Anderson, S. C., for defendants other than J. T. Anderson.

Daniel R. McLeod, Atty. Gen. of South Carolina, Columbia, S. C., for defendant J. T. Anderson, Supt. of Education of South Carolina.

WYCHE, Chief Judge.

This is an action by plaintiff, a nineteen year old negro resident of Charleston, South Carolina, against defendants, seeking a permanent injunction enjoining the defendants from denying him admission to The Clemson Agricultural College of South Carolina solely on account of his race.

The suit was commenced on July 7, 1962. On the same date the plaintiff filed a motion for preliminary injunction asking that the defendants be enjoined as set forth in the motion for preliminary injunction. The defendants filed an answer to the complaint on July 30, 1962. The complaint and the answer were duly verified. The motion for preliminary injunction was heard by me on August 22, 1962, the attorneys for the parties stating at the hearing of the motion for preliminary injunction that they did not wish any other pending motion heard at that time.

In the meantime, plaintiff's attorneys had taken depositions of the Registrar of Clemson College and the Administrative Assistant of the South Carolina Regional Education Board, and had submitted Requests for Admissions and had filed a motion to produce and to permit plaintiff to inspect and to copy all correspondence and other records in the Registrar's office at Clemson College pertaining to all persons who have applied for admission to said college since January 1, 1961, and to permit plaintiff to enter the office of the Registrar of Clemson College at Clemson, South Carolina, and to inspect and to copy the foregoing documents upon the ground that "Defendants have the possession, custody and control of the foregoing documents, all of which constitute or contain evidence *relevant and material* to the issues involved in this action as is more fully shown in the affidavit of one of plaintiff's attorneys hereto attached". (Emphasis added)

At the hearing plaintiff's attorneys were granted permission to introduce oral testimony and the President of Clemson College and the plaintiff were called as witnesses. They introduced in evidence the depositions of the Registrar of Clemson College and the Administrative Assistant of the South Carolina Regional Education Board, and certain correspondence between the parties and other exhibits.

Written briefs on the motion for preliminary injunction were duly filed by the attorneys for the parties within the five days allowed.

■■ The rules governing the granting of a preliminary injunction are well established and have often been stated. They are: "The award of an interlocutory injunction by courts of equity has never been regarded as strictly a matter of right, even though irreparable injury may otherwise result to the plaintiff. Compare Scripps-Howard Radio v. Federal Communications Comm'n, 316 U.S. 4, 10, 62 S.Ct. 875, 86 L.Ed. 1229 and cases cited. Even in suits in which only private interests are involved the award is a matter of sound judicial discretion, in the exercise of which the court balances the conveniences of the parties and

possible injuries to them according as they may be affected by the granting or withholding of the injunction. Meccano, Ltd. v. John Wanamaker, 253 U.S. 136, 141, 40 S.Ct. 463, 64 L.Ed. 822; Rice & Adams Corp. v. Lathrop, 278 U.S. 509, 514, 49 S.Ct. 220, 73 L.Ed. 480." Yakus v. United States, 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834.

■ "The action of the District Court on a motion for preliminary injunction is not predicated upon an anticipated determination of issues of fact or questions of law which may be involved in the case. Consequently, where the granting of a preliminary injunction would give to a plaintiff all the actual advantage which could be obtained by the plaintiff as a result of a final adjudication of the controversy in favor of the plaintiff, a motion for preliminary injunction ordinarily should be denied." Selchow & Righter Co. v. Western Printing & L. Co., 112 F.2d 430, 431 (C.A.7, 1940).

■ "The purpose of an injunction pendente lite is to guard against a change in conditions which will hamper or prevent the granting of such relief as may be found proper after the trial of the issues. Its ordinary function is to preserve the status quo and it is to be issued only upon a showing that there would otherwise be danger of irreparable injury. Community Natural Gas Co. v. City of Cisco, 5 Cir., 65 F.2d 320. While it may be granted to restore the status quo ante, it ought not to be used to give final relief before trial. Sims v. Stuart, D.C., 291 F. 707; Securities & Exchange Commission v. Torr, 2 Cir., 87 F.2d 446." United States v. Adler's Creamery, 107 F.2d 987, 990 (C.A.2, 1939).

■ "But the trial court should exercise its discretion in such manner as to safeguard the interests of both parties and it may be improvident for it to grant a preliminary injunction which permits the plaintiff to obtain an undue advantage by acting while the hands of his adversary are tied by the writ, or where the preliminary injunction gives the plaintiff essentially all the actual advantage which could be obtained from a final adjudication." Moore's Federal Practice, Vol. 7, page 1628, citing the following cases, Corica v. Ragen (C.A.7, 1944) 140 F.2d 496, 499; Foundry Services v. Beneflux Corp. (C.A.2, 1953) 206 F.2d 214; see Selchow & Righter Co. v. Western Printing & Lithographing Co. (C.A. 7, 1940) 112 F.2d 430.

■ A mandatory injunction, especially at the preliminary stage of proceedings, should not be granted except in rare instances in which the facts and law are clearly in favor of the moving party. Miami Beach Federal Sav. and Loan Ass'n v. Callander, 256 F.2d 410 (C.A.5, 1958); O'Malley v. Chrysler Corp., 160 F.2d 35 (C.A.7, 1947); see also, W. A. Mack, Inc. v. General Motors Corp., 260 F.2d 886 (C.A.7, 1958).

" 'The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Blount v. Societe, 6 Cir., 53 F. 98; Kings County Raisin & Fruit Co. v. United States Consol. Raisin Co., 9 Cir., 182 F. 59.' * * * the granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it. New York Asbestos Mfg. Co. v. Ambler Asbestos Air Cell Cov. Co., 3 Cir., 102 F. 890; Barker Painting Co. v. Brotherhood of Painters, 3 Cir., 15 F.2d 16; Murray Hill Restaurant v. Thirteen Twenty One Locust, 3 Cir., 98 F.2d 578." Meiselman v. Paramount Film Distributing Corp., 180 F.2d 94 (C.A.4, 1950); Sinclair Refining Co. v. Midland Oil Co., 55 F.2d 42, 45 (C.A.4, 1932).

■ On an application for preliminary injunction, the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact. General Electric Co. v. American Wholesale Co. (C.A.7, 1956) 235 F.2d 606. "As a prerequisite to the issuance of an interlocutory injunction, the moving party must show a clear right to relief.

There must be no disputed issues of fact. Citizens Coach Co. v. Camden Horse R. R. Co., E. & A. 1878, 29 N.J.Eq. 299, 306; Ferraiuolo v. Manno, 1948, 1 N.J. 105, 108, 62 A.2d 141; Anders v. Greenlands Corp., Ch. 1954, 31 N.J.Super. 329, 339, 106 A.2d 361." Charles Simkin & Sons, Inc. v. Massiah, 289 F.2d 26, 29 (C.A.3, 1961).

In the motion for preliminary injunction in this case the plaintiff asks this Court to enjoin the defendants during the pendency of the action from "refusing to consider the applications of the minor plaintiff and other Negro residents of South Carolina for admission to Clemson College, now limited to white persons, upon the same terms and conditions applicable to white applicants seeking admission to said college; and from failing and refusing to act expeditiously upon applications received from Negro residents of the State of South Carolina for admission to Clemson College solely because of the race and color of the Negro applicants; and from subjecting minor plaintiff and other Negro applicants to requirements, prerequisites, interviews, delays and tests not required of white applicants for admission; and from making the attendance of plaintiff and other Negroes at. Clemson College subject to terms and conditions not applicable to white persons; and from failing and refusing to advise plaintiff and other Negro applicants promptly and fully regarding their applications, admission requirements and status as is done by the registrar and his assistants in the case of white applicants, and from requiring the applicant to state his or her race in applying to Clemson College, and from continuing to pursue the policy, practice, custom and usage of limiting admissions to Clemson College to white persons as contrary to the due process and equal protection clauses of the Fourteenth Amendment, on the ground that:

"1. Unless restrained by this Court, defendants will continue the acts complained of; 2. Such action by the defendants will result in irreparable injury, loss, and damage to the plaintiffs as more particularly appears in the verified complaint and the affidavit of Harvey B. Gantt, plaintiff, attached hereto; 3. The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the defendants, but will prevent irreparable injury to plaintiff."

While the preliminary injunction prayed for in the motion under consideration would apply to "other Negro residents of South Carolina", "other Negro applicants" and "other Negroes", the record before me does not relate to any negro other than the plaintiff's application for admission to Clemson College. Plaintiff failed to develop through the deposition of the Registrar or the testimony of the President of the College any evidence that any other negro person is in a situation in any way similar to that of the plaintiff.

In opposition to the motion for preliminary injunction the defendants filed an affidavit of the President of Clemson College in which he denied that the college refused to consider plaintiff's application upon the same terms and conditions applicable to white persons; denied subjecting plaintiff to requirements not required of white persons; denied making the attendance of plaintiff subject to terms and conditions not applicable to white persons.

There is evidence in the record that the attention of the plaintiff was repeatedly called to the provisions of the published catalog; there are several references in the Registrar's deposition as to the restatement of the admission policy adopted by the Board of Trustees of Clemson College on June 5, 1961, and that this policy carries no mention of race; that interviews are required of a great number of applicants regardless of race; that plaintiff was asked to follow the publicized rules relating to all applicants; evidence was submitted that the processing of plaintiff's application for acceptance in September, 1961, was cancelled on August 31, 1961, along with more than fifty others, because of lack of time for processing for entrance in September. As to the time consumed

between the receipt of the transcript of plaintiff's work at Iowa State University after June 13, 1962, and the date of the commencement of this suit, evidence was submitted that the transcript of plaintiff's work was received during the time the high school records of freshmen applicants were received; that it had progressed to the point of the evaluation of his college credits by July 2, 1962; since two months then remained before the opening of school, defendants contend that they were not guilty of unreasonable delay. There is no evidence and no allegations, except in the conclusions of the pleader, that any application for any other student, whatever his race, was processed more speedily than the application of the plaintiff.

Evidence was submitted that every inquiry of the plaintiff was answered. There is no evidence that any white applicant received different treatment. As to the policy of Clemson College, the Registrar in his deposition testified that Clemson College has not been restricted to white persons but that to the best of his knowledge no negro has attended Clemson College, no negro yet having completed an application to attend. It is true that the Registrar's testimony admits a prior policy under which a negro applicant would not have been received. Defendants claim that at that time Clemson College had the right to rely on the doctrine of Plessy v. Ferguson, 163 U.S. 537, 16 S.Ct. 1138, 41 L.Ed. 256, as long as it was not overruled. The evidence before me at this preliminary stage in the proceedings is that no person has been refused admission to Clemson College or otherwise discriminated against on account of race since the pronouncement of the United States Supreme Court in Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083.

The material allegations of the complaint in support of the motion for preliminary injunction were also denied by the verified answer.

As stated before, the evidence is that no application of the plaintiff for enrollment as a student at Clemson College has been denied, that the application filed in January, 1961, looking toward enrollment in September, 1961, was cancelled on August 31, 1961, because the necessary information was not received in sufficient time before the opening of school to permit the officials of the college time for orderly processing before the commencement of the school term; plaintiff's application for enrollment in 1962, has not been denied. On July 2, 1962, the Dean of the School of Architecture, wrote the following letter to the plaintiff: "The transcript of your record at Iowa State University has been handed to the School of Architecture for analysis and evaluation. As, in every case of transfer, there is some difficulty in determining the equivalence of courses at another school with courses required for a degree in Architecture at Clemson. This problem is made more difficult by the fact that Iowa State University is on the quarter system and we must convert quarters of work into semesters of work.

"To assist us in the evaluation we must see a portfolio of your work in architectural design and drawing at Iowa State University with an indication of the duration of the exercises submitted. You may submit any other creative work you care to show. The more complete this portfolio is the better our evaluation can be.

"At the time you submit this to us, or as soon as convenient thereafter, we recommend that you come to Clemson for a conference. This conference will have to do with the standards and procedures of the School of Architecture and will not be a substitute for the pre-acceptance interview provided by college admissions policies. I will be away from the campus from time to time during the summer. Please write or telephone for an appointment before coming."

Instead of complying promptly with the request contained in this letter, plaintiff on July 7, 1962, filed this suit for mandatory injunction, together with his motion for a preliminary injunction.

The plaintiff on July 13, 1962, acknowledged receipt of the Dean's letter of July 2, 1962, after the suit had been commenced on July 7, 1962, as follows: "I am in receipt of your letter of July 2, 1962. As you probably know, I have instituted an action against the College in order to secure admission as a student. Your letter arrived at about the time my attorneys were filing the action.

"Please advise me as to whether, in view of my pending suit, you will wish me to comply with your letter. I certainly want to do everything possible to secure admittance to Clemson and will cooperate fully with you and other officials to that end.

"In the event I can still comply with your letter, please schedule an appointment for me to attend the conference which you refer to in the third paragraph of your letter. If it is satisfactory with you, I will bring with me part of my work in architectural design and drawing at Iowa State University. It will be rather impossible for me to present all of my work because of certain procedures and regulations at Iowa State. A great deal of the work that we students submit is kept by the Department of Architecture. However, some of the work has been returned and this I would be most happy to present to you. I will also furnish any other information you need to evaluate my work at Iowa State."

This letter was delivered to the attorneys for Clemson College and they wrote attorneys for the plaintiff on July 24, 1962, as follows: "You will have observed in the newspaper account of a recent Clemson Board meeting that we will represent the College and such of its officers as are defendants in the above case.

"Since suit was brought, your client has written to Dean McClure in reply to his letter of July 2. In view of the fact that the administrative remedies of the College are under attack in this case, it would seem to us to be highly inappropriate that there be any further consideration of your client's application while the litigation is pending. We also think it most appropriate that all communications between our clients be through their attorneys. This will explain why we have advised Dean McClure not to reply to the letter."

Attorneys for the plaintiff replied to the letter of the attorneys for defendants on July 26, 1962, as follows: "Receipt is acknowledged of your letter of July 24, 1962. We advised our client to answer Dean McClure's letter because his letter was written at about the same time the suit was being filed. Mr. Gantt especially wanted Dean McClure and other officials to understand his willingness to submit to requirements of the college.

"We agree, however, that it will be appropriate that all subsequent communications be through the attorneys."

At the hearing on the motion for preliminary injunction the plaintiff testified: "Q Have you brought with you the portfolio, which Dean McClure referred to in his letter of July 2, 1962? A Yes, I have a portfolio. I should say here that it is not a completed portfolio; but I have a sufficient amount of my work that he might be able to evaluate, I believe. * * * Q Why is it not a complete portfolio of your work at Iowa State College? A There are rules and regulations at Iowa State University in which a student submits his work; and in some cases, all of it is not returned to the student. However, I have some of my work, but most of it and a great deal of it has been kept by the university. Q Are you prepared to present what you have to Dean McClure and other officials at Clemson College? A Yes, I am. Q Are you prepared to engage and participate in any other interview which they desire to schedule? A Yes, I am."

The evidence submitted and the verified complaint and the verified answer disclose that there are material issues of fact in dispute. On the state of the record in this case at this time, it is impossible to determine whether there has been any discriminatory action on the part of the college in the consideration of plaintiff's application for admission. Plaintiff's right of action rests upon the

contention that, in the consideration of his *application for admission*, the defendant institution has discriminated against him because of his race. To sustain such position on his part, the plaintiff relies almost entirely upon the correspondence between *him and various officials* of the college, and the inferences to be drawn therefrom. The defendant institution denies, in reply, through affidavits and verified pleadings, that it has discriminated against the plaintiff on account of his race and asserts affirmatively that his application has been consistently processed and handled in the same manner and with the same standards as all other similar applications received by the college. The real question thus revolves about whether plaintiff's application was treated in the same manner as all other like applications. Whether defendant's position is accurate or not must be resolved by reviewing the treatment given the other applications by the responsible officials of the college. This can only be done when the record incorporates the evidence of such treatment. At this stage the record is barren of such essential evidence and I cannot, therefore, find that the rights of the plaintiff to relief have been clearly established or that the plaintiff has shown ample reason why a preliminary injunction should be issued in this case.

Plaintiff's counsel apparently recognized this and noticed a motion to permit an inspection and review by plaintiff of all the college's records on the consideration of all applications similar to the plaintiff's on the ground that "Defendants have the *possession, custody* and control of the foregoing documents, all of which constitute or contain evidence *relevant* and *material* to the issues involved in this action as is more fully shown in the affidavit of one of plaintiff's attorneys hereto attached". (Emphasis added) In this affidavit counsel stated "Plaintiff needs access to all applications which have been received by Clemson College since the date of his first application which was filed in January, 1961 in order to discover the manner in which

applications other than his were treated and in order that he may obtain relevant evidence in support of his petition. The above items are in the possession of defendants and *are necessary to a full and complete consideration of this case.*" (Emphasis added) However, plaintiff did not press this motion before the hearing on the motion for preliminary injunction and at the hearing of the motion for preliminary injunction counsel stated that *they did not wish it heard at that time.*

On the incomplete record before me, I cannot make the findings of fact required for the issuance of a preliminary injunction in this suit. The determination of plaintiff's claim of discrimination must therefore await the development of all the relevant and material facts upon the trial.

It is, therefore, ORDERED, That the motion for preliminary injunction be and the same is hereby denied.