894 A.2d 702 (2006)
384 N.J. Super. 251
The COMMUNITY HOSPITAL GROUP, INC., t/a JFK Medical Center, Plaintiff-Appellant/Cross-Respondent,
v.
BLUME GOLDFADEN BERKOWITZ DONNELLY FRIED & FORTE, P.C., and Carol L. Forte, Esq., Defendants-Respondents/Cross-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued March 28, 2006.
Decided March 30, 2006.
*703 Jeffrey M. Pollock, Lawrenceville, argued the cause for appellant/cross-respondent (Fox Rothschild, attorneys; Mr. Pollock, on the brief).
Cynthia M. Craig, Chatham, argued the cause for respondents/cross-appellants (Blume Goldfaden Berkowitz Donnelly Fried & Forte, attorneys; Ms. Craig, of counsel and on the brief).
Ross A. Lewin argued the cause for amicus curiae New Jersey Hospital Association (Windels Marx Lane & Mittendorf, attorneys; Mr. Lewin, of counsel and on the brief; Ellen M. Christoffersen, Princeton, on the brief).
Abbott S. Brown argued the cause for amicus curiae The Association of Trial Lawyers of America-New Jersey (Bendit Weinstock, attorneys; Mr. Brown, on the brief).
Edwin R. Matthews, Summit, argued the cause for amicus curiae Trial Attorneys of New Jersey (Bourne Noll & Kenyon, attorneys; Mr. Matthews, on the brief).
Before Judges COBURN, COLLESTER and LISA.
The opinion of the court was delivered by
COBURN, P.J.A.D.
Plaintiff, a hospital, sued defendants, a law firm and one of its principals, to enjoin the use or disclosure of confidential health information of its patients and to compel return of the information. The trial court dismissed plaintiff's action on the ground that it did not have standing to pursue its claim for injunctive relief on behalf of its patients. On November 2, 2005, we filed an opinion affirming the judgment and resolving all of the issues presented to us by the parties. Cmty. Hosp. Group, Inc. t/a JFK Med. Ctr. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J.Super. 119, 885 A.2d 18 (App.Div.2005). Plaintiff filed a petition for certification with the Supreme Court seeking reversal of our judgment, based in part on a theory that it had not presented to us; namely that it has standing in its own right to protect its business records. On February 10, 2006, the Court filed an order temporarily remanding the case to us for resolution of that issue. In pertinent part, the order reads as follows:
It is ORDERED that the petition for certification is summarily remanded to the Appellate Division, solely in respect of the question whether plaintiff has standing to bring this action on the ground it is protecting its own business records when a third party has obtained them in a manner other than through an authorization and release; and it is further
ORDERED that the Appellate Division shall expedite the briefing, argument, and disposition of the appeal on remand; and it is further
ORDERED that on the filing of its opinion disposition, the Appellate Division shall forward a copy to the Clerk of the Court, who shall thereafter instruct counsel on any supplemental briefing.

*704 Jurisdiction is otherwise retained.
As we noted in our previous opinion, plaintiff filed this action after it learned that defendants were in possession of a hospital record concerning two of its patients that had not been released based on the patients' authorization, and after defendants refused to advise plaintiff how they had obtained the record. At that point, plaintiff was entitled to infer that the record might have been obtained by improper means, possibly enabled by its own failure to adequately protect its records.
The Hospital Patients Bill of Rights Act, N.J.S.A. 26:2H-12.7 to 12.11, entitles patients to the "privacy and confidentiality of all records pertaining to [their] treatment," with certain exceptions that are not presently relevant. N.J.S.A. 26:2H-12.8g. That statute also provides for the imposition of administrative penalties if a hospital violates a patient's rights. Those penalties include fines and suspension or revocation of all licenses. N.J.S.A. 26:2H-13. As we noted in Kinsella v. NYT Television, 382 N.J.Super. 102, 107, 887 A.2d 1144 (App.Div.2005), "our courts held even before enactment of this legislation that a patient has a privacy interest in withholding disclosure of information concerning his or her hospital admittance." Obviously a hospital's breach of that duty could justify a civil action against the hospital for damages by the patient, Hague v. Williams, 37 N.J. 328, 181 A.2d 345 (1962); Estate of Behringer v. Med. Ctr. of Princeton, 249 N.J.Super. 597, 632-34, 592 A.2d 1251 (Law Div.1991); and just as obviously, a hospital that failed to protect patient records could expect injury to its reputation, affecting in turn its economic viability.
In Ferraiuolo v. Manno, 1 N.J. 105, 108, 62 A.2d 141 (1948), the Court endorsed the well-settled proposition that "`[a]cts destroying a complainant's business, custom and profits do an irreparable injury and authorize the issue of a preliminary injunction.'" (citations omitted). Of course the acts must be wrongful. Longo v. Reilly, 35 N.J.Super. 405, 410-11, 114 A.2d 302 (App.Div.1955), certif. denied, 25 N.J. 45, 134 A.2d 540 (1957). In other contexts, such as the disclosure of trade secrets, the power to grant corporate entities injunctive relief to protect their business, custom and profits is firmly established and not dependent on pre-existing express agreements with the individuals against whom the restraints are sought. Sun Dial Corp. v. Rideout, 16 N.J. 252, 259, 108 A.2d 442 (1954).
The parties have not submitted any authority directly on point, but the instant setting, though novel, appears to us to be analogous to trade secret protection since it too involves an attempt by a corporation to avoid or ameliorate allegedly wrongful acts destructive of its business. Moreover, as we observed in Longo, supra, 35 N.J.Super. at 413, 114 A.2d 302, "[t]he genius of the Anglo-American common law is its readiness to proliferate needed remedies for newly evident wrongs and to apply existing remedies with liberality to new aspects of recognized wrongs."
The right asserted here by the hospital is, if anything, weightier than the right of a corporation to protect its trade secrets because the foundation of that right is not merely self-protection. In addition, recognition of that right would tend to enhance patients' privacy, thus serving the mandate of the Hospital Patients Bill of Rights Act.
In Al Walker, Inc. v. Borough of Stanhope, 23 N.J. 657, 666, 130 A.2d 372 (1957), the Court found standing because "[t]here has been real and substantial interference with [the corporate plaintiff's] business and [because] the serious legal questions *705 [the corporate plaintiff] has raised should, in the interest of the public as well as the plaintiff, be passed upon without undue delay." The same may be said here. If the records were wrongly obtained, it could adversely affect the hospital's reputation and viability, and the form of injunctive relief to deal with such circumstances raises serious legal questions that should be answered. Therefore, we are satisfied that plaintiff has standing to pursue this action for itself.
Defendants have argued that this case is moot. But that argument depends on reference to materials from another case, and we have denied defendants' request to include those materials in this record. Since plaintiff is aware of those materials, it may be that although it has standing in general, further litigation in the trial court, in light of those materials, might be considered frivolous. We do not intend to suggest any view on that point. Rather, we simply want to indicate that our answer to the Supreme Court's question does not imply that further proceedings in the trial court in this particular case are necessarily warranted.
Since the Court has retained jurisdiction of this case, we are not free to enter a dispositive directive to the parties and the trial court. However, if our reasoning is correct, reversal of the trial court judgment would be appropriate with a remand for further proceedings.
In accordance with the Supreme Court's direction, the Appellate Division Clerk shall forward a copy of this opinion to the Clerk of the Supreme Court.