Barbara J. GEEN, individually and on behalf of all others similarly situated, Plaintiff,

and

Glen Neville, Intervening Plaintiff,

v.

Leslie G. FOSCHIO, as Commissioner of the New York State Department of Motor Vehicles, Defendant.

No. CIV–82–83B(C).

United States District Court, W. D. New York.

May 4, 1982.

Western New York Protection and Advocacy Office for the Developmentally Dis-

abled, Neighborhood Legal Services, Inc. (David A. Munro, Buffalo, N. Y., of Counsel), for plaintiff.

Legal Services of Central New York, Inc., Protection and Advocacy Project (Kirk S. Hazen, Syracuse, N. Y., of counsel), for intervening plaintiff.

Robert Abrams, Atty. Gen., of the State of N. Y., Buffalo, N. Y. (Arnold E. Galbo, Asst. Atty. Gen., Buffalo, N. Y., of counsel), for defendant.

CURTIN, Chief Judge.

There are three motions pending in this case: (1) Glen Neville's motion to intervene as a named plaintiff; (2) plaintiff's motion for certification of a plaintiff class; and (3) proposed intervenor's motion for preliminary injunctive relief. The background of this case can be recited briefly.

The original plaintiff, Barbara Geen, seeks to modify the New York State Department of Motor Vehicles [Department]'s policy concerning the licensing of motor vehicle operators who suffer from seizures, spells, or blackouts in any of their manifestations. Specifically, plaintiff contends the Department's practice of automatically denying an application or suspending a current motor vehicle license for one year following the driver's last neurologically related experience without first conducting an impartial hearing infringes her constitutionally guaranteed right to due process. After oral argument, I granted Ms. Geen's motion for preliminary relief, and directed defendant to restore her driver's license pending the outcome of this action. I also directed plaintiff to notify defendant immediately if she has a seizure.

On April 12, 1982 Glen Neville moved to intervene and obtain preliminary redress as a party plaintiff. His situation is similar, but not identical, to that of Barbara Geen. Mr. Neville, a thirty-five year old maintenance worker, has had epilepsy since he was five. His occasional seizures have been infrequent, mild, and only at night, mostly while he was asleep. Since 1971, he has been under the continuous care of Dr.

David Haas, and has been taking phenytoin and phenobarbital under his physician's supervision to control his symptoms.

In July 1981 Mr. Neville hit his head against a rock while diving into a pond and was taken to the hospital. While there, he suffered a few mild seizures, his first since January 1979. He has not had a seizure since he left the hospital. According to the procedures of the Department's medical follow-up program, which plaintiff has been in since January 1980, Dr. Haas informed the Department of his patient's hospital seizures.

On April 8, 1982, the Department notified Mr. Neville his driver's license was suspended until he had gone without an epileptic episode for one year. Mr. Neville appealed the Department's decision in a letter and requested a stay. He has not yet received a reply. As a direct consequence of his license suspension, Mr. Neville's employer terminated his job for which he is required to have an operator's license.

■ The parties appeared in court on April 16, 1982. At that time, defendant did not oppose Mr. Neville's motion to intervene. Accordingly, the motion to intervene is granted under Federal Rules of Civil Procedure, Rule 24(b). *See, e.g., McKay v. Heyison,* 614 F.2d 899, 905–908 (3d Cir. 1980). To give defendant a further opportunity to respond, however, I adjourned discussion on intervenor's motion for preliminary relief and plaintiff's motion for class certification until April 30, 1982. That meeting has now been held, and the pleadings and affidavits submitted by the parties have been thoroughly reviewed.

*Intervenor's Motion for Preliminary Injunction*

It is well settled that to prevail on a motion for preliminary injunctive relief a moving party must show
(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the [moving] party. . . .

*Jack Kahn Music v. Baldwin Piano & Organ,* 604 F.2d 755, 758 (2d Cir. 1979). Mr. Neville has already lost his job due to defendant's action, although his attorney indicated he might be rehired if his license is returned. This consequence is devastating, and is certainly tantamount to irreparable harm.

■ Intervenor has also demonstrated a likelihood of success on the merits. Initially it should be pointed out that there are no fact questions which might otherwise preclude fulfillment of this prong of the test. *Cf. American Visuals Corporation v. Holland,* 219 F.2d 223, 224 (2d Cir. 1955); *Jones v. Niagara Frontier Transportation Company,* 524 F.Supp. 233, 241 (W.D.N.Y.1981). Dr. David Haas, intervenor's treating physician from the Department of Neurology at Upstate Medical Center in Syracuse, New York, submitted a letter stating that, in his professional opinion, "the chances of his [patient] having a seizure during the daytime or while driving at any time are exceedingly remote." Letter dated April 28, 1982. Defendant does not dispute Dr. Haas's conclusion.

Like plaintiff, intervenor's sole claim is that he is constitutionally entitled to an opportunity to present testimony and evidence to an impartial hearing officer to demonstrate that he is fully capable of driving safely before his license is suspended. Like plaintiff, intervenor was not afforded a due process hearing either before or after his license was suspended. I am not persuaded at this stage in the litigation that a due process hearing is dictated *prior* to any driver's license suspension. On the other hand, relevant Supreme Court case law convinces me that both plaintiff and intervenor are likely to prevail on their claim that they are entitled to some sort of due process hearing, either before or reasonably soon after, the suspension of their drivers' licenses. *Mackey v. Montrym,* 443 U.S. 1, 99 S.Ct. 2612, 61 L.Ed.2d 321 (1979); *Dixon v. Love,* 431 U.S. 105, 97 S.Ct. 1723, 52 L.Ed.2d 172 (1977); *Bell v. Burson,* 402 U.S. 535, 91

S.Ct. 1586, 29 L.Ed.2d 90 (1971). *See Harris v. State of Colorado*, 516 F.Supp. 1128 (D.Colo.1981); *Tolbert v. McGriff*, 434 F.Supp. 682, 687 (N.D.Ala.1976).

Accordingly, intervenor has met the first test for preliminary relief. Intervenor's motion for preliminary relief is granted under these conditions: (1) Mr. Neville's driver's license shall be returned to him, but he shall be restricted to daytime driving only until this case is finally resolved, or until the Department's suspension period expires, whichever comes first; and (2) Mr. Neville shall inform defendant immediately if he suffers another seizure.

*Plaintiff Class Certification*

Plaintiff urges the court to certify a class of plaintiffs comprised of

all present and future licensees or applicants for a drivers license in New York State who, as a result of suffering from epilepsy, one or more convulsive disorders, fainting or dizzy spells or any condition which causes unconsciousness, are or will be subjected to defendant's policy of automatically withholding driving privileges.

Plaintiff and defendant agree that 486 individuals in New York State who fit within this definition had their driving privileges withheld last year. Of these people, the licenses of 420 were automatically suspended, while the applications of 66 were automatically denied. Although the Department has withheld the driver's license of each putative class member for a unique reason, each member was treated the same as the others; *i.e.*, the licenses of all were automatically suspended for a period of one year with no meaningful opportunity to be heard. This is the statewide practice plaintiff seeks to enjoin.

In light of these circumstances, I am satisfied plaintiff has met the criteria for certification of the class of plaintiffs she seeks to represent under Federal Rules of Civil Procedure, Rule 23(a) and (b)(2). *Marcera v. Chinlund*, 595 F.2d 1231, 1240 (2d Cir. 1979); *see Tolbert v. McGriff, supra* at 684.

To summarize:

(1) Mr. Neville's motion to intervene is granted.

(2) Intervenor's motion for preliminary relief is granted in accordance with this order.

(3) Plaintiff's motion for certification of a statewide class of plaintiffs as proposed is granted.

So ordered.